**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Case No. 1:21-cr-125 (BAH) |
| **BRIAN MCCREARY,** | |
| Defendant. | |

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant Brian McCreary ("Defendant" or "McCreary") by and through undersigned counsels, submits this Memorandum to assist this Honorable Court in arriving at a just and appropriate sentence. Nothing stated herein is intended to excuse the Defendant's conduct - it is utterly inexcusable, which he recognizes and acknowledges; it is simply intended to place the Offender and the Offense Conduct in proper perspective.

Brian McCreary is truly remorseful that he permitted himself to be swept up in the chaotic events of January 6, 2021, which unfolded so rapidly and explosively that he failed at the time to grasp the true implications of his actions. He understands well, now, that while his remorse may mitigate, it cannot excuse his actions on that day; that he did not himself engage in any violent conduct, nor directly encourage others to do so, and believed that he was essentially bearing (video) witness to what was tragically occurring before him, which videos he voluntarily provided to the Federal Bureau of Investigation literally within hours of departing Washington that evening for home, also cannot serve to excuse. That he shared his identity and contact information along with the video evidence with the FBI, and then voluntarily met with them for an extensive interview approximately three weeks later, similarly is noteworthy but does not

1

exculpate. And that, in his mind, he may have primarily traveled to Washington to try to better understand the radical historical currents raging through his United States with the intention of sharing what he had learned with others[1] does not excuse his connection to such an out-of-control riotous mob, even though he was only involved for only 30 minutes trespassing in the building.

But although all of the foregoing does not <u>excuse</u> said participation, it does however serve as critical context for this Honorable Court to consider in its imposition of sentence upon a young man, married with one child, employed his entire adult life with no criminal record or adverse interaction with the criminal justice system, who is not associated with any extreme right-wing group or who has ever conspired therewith, and who had initially actually believed that he would be educating himself and ultimately others, by attending this event in Washington on January 6th.[2]

Defendant, in retrospect concedes that his conduct arguably facilitated, if only indirectly, the assault on the Capitol. His behavior thereafter, starting literally just after he left the Capitol grounds, should be viewed as a sincere attempt, to the best of his ability, to "make himself right with God and his Government". Virtually immediately making himself known to the FBI, turning over the videos, sitting down for a more extensive interview several weeks later, thereby providing invaluable and timely critical evidence/cooperation to the Government in its security and law enforcement capacities. He did this largely out of conscience and duty, not out of coercion or expectation of self-gain. And after he was indicted, at a very early stage of the legal

---

[1] While he clearly was not formally a journalist, which he readily admitted to the Capitol Police, McCreary fully expected to use his video as part of a podcast he was putting together which might be utilized to support a possible run for municipal electoral office he was considering.

[2] Again, the Defendant is not claiming that he was a member of the press entitled to formal, First Amendment protection; he is simply trying to provide insight into his reasons for coming down to Washington, DC that day.

proceedings, he declared through counsel his intention to plead guilty to the crimes he believed he had committed; he has in fact pleaded guilty to one count of a five-count indictment alleging violation of 18 U.S.C. § 1752 (a)(1), "Entering or Remaining in a Restricted Building or Grounds", with the four other counts to be dismissed. His United States Sentencing Guidelines (U.S.S.G.) Total Offense Level (TOL) is 4, and presumptive range of imprisonment 0-6 months.

As we substantially concur with the facts and conclusions set out in the Government's Sentencing Memorandum, we choose to avoid undue repetition by not reiterating same in great detail. However, while the Government has recommended a sentence of 90 days Home Confinement, 36 months' probation, 60 hours of community service and a $500 restitution, we respectfully suggest that a more appropriate balancing of the "aggravating" and "mitigating" factors herein should produce a sentence of 18 months' probation, 150 hours of community service (perhaps directed toward communicating via media/social media what McCreary personally observed on January 6th in Washington, DC to persons who were not there) and restitution of $500, while eliminating the requirement of 90 days Home Confinement, which would have a substantial negative impact on his employment; in any event, is arguably less congruent with the specific Offense Conduct/Offender Characteristics of Brian McCreary. Such a proposed sentence, respectfully, is "sufficient but not greater than necessary" to effectuate the purposes of 18 U.S.C. § 3553 (a)(2) and is more in line with an overall parity of the sentences imposed to date in the Insurrection cases. And it clearly will promote respect for the law rather than the disrespect so brazenly on display on January 6, 2021 and thereafter.

Dated: February 17, 2022

Respectfully submitted,
BRIAN MCCREARY
By and through his attorneys,

/s/ Jeffrey A. Denner
_____

Jeffrey A. Denner
Massachusetts Bar No. 120520
Jeffrey Denner Associates, PC
607 North Ave., Suite 18
Wakefield, Massachusetts 01880
Telephone:   617-227-2800
Telefax:       617-973-1562
jad@dennerlaw.com
Appearing by Leave of Court

/s/ Richard D. Heideman
_____

Richard D. Heideman
Bar No. 337462
Heideman Nudelman & Kalik, PC
5335 Wisconsin Ave., Suite 440
Washington, DC 20015
Telephone:   202-463-1818
Telefax:       202-463-2999
rdheideman@hnklaw.com

**Certificate of Service**

I, Jeffrey A. Denner, hereby certify that on this the 17th day of February 2022, I caused a true copy of the foregoing *Defendant's Sentencing Memorandum* to be served upon all necessary parties to this matter by virtue of electronically filing the same via the CM/ECF system.

/s/ Jeffrey A. Denner
_____
Jeffrey A. Denner

4